BLANK ROME LLP
Attorneys for Plaintiff
PARTENREEDEREI MT "MULTITANK BADENIA"
Jeremy J.O. Harwood (JH-9012)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARTENREEDEREI MT "MULTITANK BADENIA",<br><br>　　　　　Plaintiff,<br><br>-against-<br><br>PAKRI TANKERS OU,<br><br>　　　　　Defendant. | 07 Civ. 3471(PAC)<br><br>**SECOND AMENDED**<br>**VERIFIED COMPLAINT** |

Plaintiff, PARTENREEDEREI MT "MULTITANK BADENIA" ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, PAKRI TANKERS OU ("Defendant" or "Charterer"), seeks to further amend its complaint dated April 30, 2007 by which a process of maritime attachment and garnishment was issued in order to name an additional garnishee bank, to wit Deutsche Bank and/or Deutsche Bank Trust Co. Americas, alleges upon information and belief as follows:

1.　　This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2

2. At all material times, Plaintiff was and now is a foreign company with its address c/o Ahrenkiel Shipmanagement GmbH & Co. KG, An der Alster 45, 20099 Hamburg, Germany.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized with its offices and place of business in Tallin, Estonia, and no place of business in the United States.

4. By a charter party dated on or about December 20, 2005, ("the Charter"), Plaintiff chartered the M/V MULTITANK BADENIA ("the Vessel") for a period of 12 months, +/- 15 days more or less in Charterer's option.

5. In breach of the Charter, Defendant wrongfully failed to pay outstanding amounts due to Plaintiff in respect of charter hire, spare parts and trading costs, as detailed in Plaintiff's final hire statement dated January 25, 2007, in the principal amount of 217,257.06 EUROS, which converts to US$296,173.79 (1 EUR = $1.36324), no part of which has been paid although duly demanded.

6. The Charter provides for arbitration of disputes in London pursuant to English law. Arbitration proceedings have been commenced in respect of this claim, and Plaintiff reserves its right to arbitrate the disputes pursuant to 9 U.S.C. § 8.

7. Maritime arbitrators in London routinely award interest, legal fees and arbitral costs to a successful party. Plaintiff estimates recoverable interest will amount to at least $34,000, calculated at a rate of 8% per year for at least 2 years and recoverable legal fees and costs (including arbitrators' fees) will be at least US$175,000, amounting in all to recoverable interest and expenses of at least US$209,000.

8.   Pursuant to an amended complaint dated May 3, 2007 Plaintiff obtained a process of maritime attachment and garnishment in the sum of $505,173.79 pursuant to which it secured sums in that amount.

9.   The U.S. dollar has suffered precipitous depreciation against the Euro and British pound since 2007 when an exchange rate of 1 EUR = $1.36324 to convert the principal claim of 217,257.06 EUROS to $296,173.79. The present exchange rate is presently 1 EUR = $1.4175 so that the principal claim amount using that conversion rate is $308,957 meaning that Plaintiff is undersecured on its principal claim by $12,784 and two years of interest at 8% thereon, or $2,045 for a total of $14,829.

10.  In addition, based on revised estimates from instructing London counsel, the recoverable lawyers' fees, hearing costs and arbitrators' fees are now estimated to be $286,000 an increase of $111,000 from the amount first estimated.

11.  The total additional amount for which Plaintiff requests issuance of a Supplemental Process of Maritime Attachment and Garnishment is **US$125,825**.

12.  Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight and/or hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Supplemental Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the additional amount of **US$125,825** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.    That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
September 17, 2007

                              Respectfully submitted,
                              BLANK ROME LLP
                              Attorneys for Plaintiff
                              PARTENREEDEREI MT
                              "MULTITANK BADENIA"

                              By: _____
                              Jeremy J.O. Harwood (JH-9012)
                              405 Lexington Ave.
                              New York, NY 10174-0208
                              (212) 885-5000

## VERIFICATION

STATE OF NEW YORK          )
                           : ss.:
COUNTY OF NEW YORK         )

Jeremy J.O. Harwood, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

                                                Jeremy J.O. Harwood (JH-9012)

Sworn to before me this
17th day of September 2008

_____
Notary Public

BARBARA WALSH
Notary Public, State of New York
No. 01WA4925486
Qualified in Queens County
Commission Expires August 16, 2010